**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-51486-MMP** |
| | § | |
| **BELINDA ANA GARCIA ,** | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 7 PROCEEDINGS** |
| | § | |
| **BELINDA ANA GARCIA ,** | § | |
| **Plaintiff** | § | |
| | § | **ADVERSARY PROCEEDING** |
| | § | |
| **vs.** | § | **No. _____** |
| | § | |
| **US DEPARTMENT OF EDUCATION,** | § | |
| **ET AL** | § | |
| | § | |
| **Defendant** | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT**

Belinda Ana Garcia, the debtor in the above referenced bankruptcy case and plaintiff in this adversary proceeding ("Plaintiff"), pursuant to 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6), complains of the Defendants, and states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

**THE PARTIES**

2.  Plaintiff is an individual residing at 1023 Orchid Grove, San Antonio, TX 78245.

3.  Defendant provides National Direct Student Loans and servicing for NDL loan portfolios; and servicing and asset recovery services for loans on behalf of guarantors of NDL loans, guaranty agencies, higher education institutions, the United States Department of Education, and other federal clients, as well as states, courts, and municipalities, also acquires, finances, and services private education loans.

1

## **FACTS**

4.  Ms. Garcia started school at UT in 1991 and was unable to complete her degree. She returned to school at Alamo Community College in 1997 and transferred to University of Incarnate Word in 1998 and completed her degree in December 1999.

5.  In 2002- 2003 Ms. Garcia attended Webster University and obtained a master's degree in Human Resources Development.

6.  After completing her studies, Plaintiff began looking for work in the field of human resources. She was unable to find work in that field. Later moved to the mortgage industry working there until the pandemic and the mortgage industry downsizing. She looked for work in the mortgage industry but she believed she faced age discrimination. She found a job at CVS at a much lower rate of pay.

7.  Ms. Garcia has a balance of $99,112.00 in student loan debt.

8.  It is believed that the monthly payment to pay the Student Loan Debts within a 10-year payout starting now is $1,918.00.

9.  Plaintiff's sole source of income derives from her employment as a customer service representative.

10. Plaintiff's monthly net household income is $3,927.00.

11. Plaintiff's monthly household expenses are $3,927.00.

12. Despite the foregoing, Plaintiff attempted to pay the Student Loan Debts for several years.

13. Plaintiff is 53 years old. Has 1 dependent child.

14. Plaintiff lacks sufficient present and future income to meet necessary expenses and repay the Student Loan Debts.

15. Plaintiff cannot further reduce expenses to cure her inability to pay the Student Loan Debts.

16. Plaintiff lacks assets that can be liquidated to repay the Student Loan Debts.

17. Plaintiff's living expenses are not expended to significantly increase. She is dependent on working overtime hours to make ends meet.   She has significant health

concerns that will only get worse most likely preventing her from continuing to work additional hours.

## CLAIM FOR RELIEF

18. I have requested relief from my servicer on numerous occasions. I believe I was given erroneous information and required to consolidate my loans four different times and placed in forbearance. I eventually signed up for an income-driven repayment plan, however if I had been placed initially in income-based repayment I would have almost been completed my 25 year requirement.

## UNDUE HARDSHIP

19. Plaintiff seeks relief under 11 U.S.C. 523(a)(8) stating that excepting the Student Loan Debts from discharge imposes an undue hardship.

20. Excepting student loan debt from discharge imposes an undue hardship if a debtor can demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987).

21. The Plaintiff cannot, based on her current income and expenses, maintain a minimal standard of living for herself if forced to repay the Student Loan Debt. The monthly payment on the Student Loan Debt is $1,918.00. Plaintiff's monthly household income is $3,927.00 and her monthly household expenses are $3,927.00, without the student loan payment.

22. The Plaintiff's future prospects are not going to improve because she will continue to face age discrimination as she gets older.

23. The Plaintiff has made good faith efforts to repay her loans, requesting deferments and forbearance when she was not able to make payments and has never been delinquent on the loans.

## ALTERNATIVE STANDARD

24. In the alternative, the *Brunner* Test has been superseded by subsequent changes to the Bankruptcy Code.

25. When *Brunner* was established in 1987, student loans were automatically dischargeable in bankruptcy, without the need to prove undue hardship if it had been more than five years since the loans first became due. Therefore, *Brunner* added a "good faith" element to 523(a)(8) for debtors attempting to discharge their loans before the five-year period.

26. Due to changes in the Bankruptcy Code, student loans became non-dischargeable absent an adversary proceeding to determine their dischargeability; therefore, the element of good faith under *Brunner* is no longer a necessary or needed protection against abuse, making a totality of the circumstances a more reasonable standard under the current Bankruptcy Code.

27. The totality of the circumstances test for undue hardship considers "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependents' reasonably necessary living expenses; and (3) other relevant facts and circumstances surrounding that particular bankruptcy case." *Andrews v. S. Dakota Student Loan Assistance Corp.* 661 F.2d 702, 704 (8th Cir. 1981).

28. Under the totality of the circumstances standard, considering Plaintiff's past, present and reasonably reliable future financial resources and his reasonably necessary living expenses, Plaintiff is unable to make payments on the Student Loan Debts and it would be an undue hardship for the Student Loan Debt to not be discharged.

   **WHEREFORE**, Plaintiff, Belinda Ana Garcia, seeks judgment declaring that repayment of the Student Loan Debts owed to the named Defendant pose an undue hardship and be deemed dischargeable pursuant to 11 U.S.C. § 523(a)(8) and grant such order and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Heidi McLeod SBTN 13764700
Heidi McLeod Law Office PLLC
3355 Cherry Ridge Ste. 214
San Antonio, TX 78230
(210) 853-0092
(210) 853-0129 fax

4